UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:    CONSENT PRELIMINARY ORDER
    - v. -                                   OF FORFEITURE AS TO SPECIFIC
:    PROPERTY/MONEY JUDGMENT
STANLEY BRUCE,
    a/k/a "SB,"                         :    25 Cr. 131 (PMH)

            Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    WHEREAS, on or about March 2, 2025, STANLEY BRUCE (the "Defendant"), was charged in an Information, 25 Cr. 131 (PMH) (the "Information"), with possession and distribution of controlled substances, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C) (Counts One through Seven); and firearms trafficking – unlicensed dealing of firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2 (Count Eight);

    WHEREAS, the Information included a forfeiture allegation as to Counts One through Seven of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Seven of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Count One through Seven of the Information, including but not limited to $9,940 in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Information;

    WHEREAS, the Information also included a forfeiture allegation as to Count Eight of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count Eight of the Information;

WHEREAS, on or about March 26, 2025, the Defendant pled guilty to Counts One through Eight of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Eight of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Seven of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One through Seven of the Information, including but not limited to a sum of money equal to $9,940 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Information, and pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the following specific property:

    a. one Jimenez Arms J.A. 380, Serial No. 265074;

    b. one .22 caliber Pietro Baretta Model 71, Serial No. A67771U;

    c. one 9mm Glock 26 Gen 4, Serial No. BGHF692;

    d. thirty-five rounds of .25 caliber ammunition;

    e. five rounds of .380-caliber ammunition;

    f. fifty-two rounds of .40-caliber ammunition;

    g. seventy rounds of 9mm ammunition; and

    h. eleven rounds of .22 long-rifle ammunition;

(a. through h., collectively, "the Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $9,940 in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property which constitute firearms and ammunition involved in the offense charged in Count Eight of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Seven of the Information that the Defendant personally obtained and the firearms and ammunition involved in the offense charged in Count Eight of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorney Timothy Ly, of counsel, and the Defendant and his counsel, Matthew Galluzzo, Esq., that:

1.  As a result of the offenses charged in Counts One through Seven of the Information, to which the Defendant pled guilty, a money judgment in the amount of $9,940 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Seven of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.  As a result of the offense charged in Count Eight of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant STANLEY BRUCE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.  The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.  Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____         Oct. 16, 2025
TIMOTHY LY                                  DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-1062


STANLEY BRUCE

By: _____         11/24/25
STANLEY BRUCE                               DATE


By: _____         11/24/25
MATTHEW GALLUZZO, ESQ.                      DATE
Attorney for Defendant
11 Broadway, #715
New York, NY 10004


SO ORDERED:

_____              11/24/25
HONORABLE PHILIP M. HALPERN                 DATE
UNITED STATES DISTRICT JUDGE